(117 So. 159)

**Ex parte FLOWERS.** (6 Div. 292, 293.)

Court of Appeals of Alabama. May 8, 1928.

No briefs reached the Reporter.

PER CURIAM. We find from the record that the original prosecution against movant was instituted upon the affidavit of one Mrs. Mae Adams made before H. B. Abernathy, judge of the Jefferson county court of misdemeanors, charging the offense of assault and battery, a misdemeanor. A warrant was issued by said judge returnable to the circuit court of Jefferson county, and, upon this process, the trial was had in the circuit court resulting in a conviction, from which judg-

ment an appeal was taken to this court, and here affirmed on April 24, 1928 (post, p. 668, 116 So. 924).

The matter before us now is the motion of appellant for writ of error, and this motion is predicated upon the alleged insufficiency of the aforesaid process; the motion reciting:

"Petitioner most respectfully submits that there was no authority of law for said affidavit and warrant of arrest to be made returnable to said circuit court."

Reference is here made to the case of Kyser v. State, ante, p. 431, 117 So. 157. The question involved is fully discussed in the Kyser Case.

The Jefferson county court of misdemeanors was established by Local Acts 1919, p. 121, and the procedure here complained of was therein expressly provided. Section 8 of said act is as follows, so far as is here pertinent:

"* * * And in addition said judge may take affidavits and issue warrants for misdemeanors *directly returnable to any other court having final jurisdiction* * * * *of said misdemeanor.*"

This statute is conclusive of the only question presented by the petition, and therefore the motion for writ of error in each of said cases must be denied.

Motion denied.